UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 19 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JAN B. HAMILTON, )
)
Plaintiff, )
)
v. ) Civil Action No. 17-2329 (UNA)
)
JOHN HICKENLOOPER, )
)
Defendant. )

## MEMORANDUM OPINION

The plaintiff explains that, on May 22, 2005, she was arrested in Colorado and charged with criminal trespass. Compl. at 2. It appears that she filed a petition for a writ of habeas corpus in the 9th Judicial District of Colorado, yet the assigned judge did not schedule a hearing. *See id.* The plaintiff alleges that she faced additional criminal charges, that she was detained at the Pitkin County Jail for two years pending trial, and that she was released from custody when she entered into a plea bargain. *Id.* at 3. Subsequently, the plaintiff states, she "moved to Washington, DC to orchestrate 3 habeas corpus proceedings" by filing petitions for writs of certiorari in the United States Supreme Court. *Id.* It appears that plaintiff had filed habeas petitions in the United States District Court for the District of Colorado under 28 U.S.C. § 2254, *see id.* at 4, and that the United States Court of Appeals for the Tenth Circuit denied "declined to entertain the application for writ of habeas corpus due to her inability to exhaust state remedies with the hearings blocked in Aspen, Co., refused by Sr. Judge James B. Boyd," *id.* at 5.[1] The

---

[1] The plaintiff mentions three case numbers in her complaint: 15-1400, 15-1433, and 15-1488. *See* Compl. at 4. These case numbers correspond to the plaintiff's appeals of "dismissal orders in three separate cases before the United States District Court for the District of Colorado," and

plaintiff brings this action "to request that the hearing [she sought] in Colorado with the 10th Circuit Court of Appeals . . . be heard in the District of Columbia Federal District Court." *Id.* at 7.

In essence, the plaintiff asks this federal district court to review the decisions of or otherwise interfere in matters before a Colorado state court, the District of Colorado, and the Tenth ~~Eleventh~~ Circuit. As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action for want of subject matter jurisdiction. An Order is issued separately.

DATE: January 19, 2018

_____
United States District Judge

---

"[i]n each order the district court denied Ms. Hamilton's petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and denied Ms. Hamilton's requests for a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A)." *Hamilton v. Bird*, 650 F. App'x 585, 587 (10th Cir. 2016), *cert. dismissed*, 137 S. Ct. 1340-41 (2017).